# UNITED STATES COURT OF APPEALS

Filed 12/13/96

# TENTH CIRCUIT

---

WILLIAM H. COKLEY,

     Petitioner-Appellant,

v.

LARRY EMERY; GALE NORTON,
Attorney General of the
State of Colorado,

     Respondents-Appellees.

No. 96-1130
(D.C. No. 94-Z-1168)
(Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

William H. Cokley filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He contends that he was unconstitutionally held to be an habitual criminal because the state failed to prove a third prior offense as required by the Colorado statute. The state court procedurally barred Mr. Cokley from raising this issue because he didn't raise it within the Colorado statute of limitations governing post conviction claims. The district court in the present action held that Mr. Cokley's federal habeas claim was procedurally barred because he failed to establish cause for the default in state court and actual prejudice as a result of the alleged constitutional violation. The district court held further that Mr. Cokley had failed to allege facts sufficient to establish a fundamental miscarriage of justice so as to bring him within the exception to the cause and prejudice standard.

The sole issue Mr. Cokley asserts on appeal is that the district court erred in holding he failed to establish a miscarriage of justice sufficient to avoid the procedural bar. Mr. Cokley contends he has established his actual innocence of the charge of being an habitual criminal because "the prosecution failed to sustain its burden of proving the existence of 3 prior felony convictions." Appellant's Opening Brief at p. 3, ¶ 5. The state correctly points out Mr. Cokley did not assert in the court below and does not assert here that he did not commit the third felony he questions, only that the prosecution failed to prove he committed it.

Thus, the district court was correct in concluding that Mr. Cokley has failed to meet his burden of establishing actual innocence of the third felony.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge